CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 8 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BRIAN DAVID ALLEN, )
   Plaintiff, ) Civil Action No. 7:05-cv-00401
)
v. ) **MEMORANDUM OPINION**
)
GEORGE W. NOLLEY, et al., ) By: Hon. James C. Turk
   Defendant(s). ) Senior United States District Judge

Plaintiff Brian David Allen, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Allen asserts that his court-appointed attorney violated his rights by refusing to file post-sentencing motions on Allen's behalf unless Allen paid him for the additional legal work. Allen says that counsel's actions denied him the right to appeal. Allen seeks monetary compensation. As the court finds that Allen's allegations fail to state any claim under §1983 upon which he is entitled to relief, the court must dismiss the action without prejudice, pursuant to 28 U.S.C. §1915A(b)(2). Under this provision, the court may dismiss an action filed by a prisoner against government officials at any time as frivolous, malicious or for failure to state a claim upon which relief may be granted.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Defense attorneys in the course of representing a criminal defendant do not act "under color of" state law and are, therefore, not amenable to suit under color of state law, whether privately retained, Deas v. Potts, 547 F.2d 800 (4th Cir. 1976), appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as public defenders, Polk County v.

1

Dodson, 454 U.S. 312, 325 (1981).

Under these principles, Allen cannot prove any set of facts consistent with his current allegations that would state any claim actionable under §1983. His attorney, whether still under court appointment or as a private attorney that Allen could retain, does not qualify as a state actor so as to be subject to suit under §1983 for any act related to his representation of Allen. Accordingly, the court will dismiss this lawsuit, without prejudice, pursuant to §1915A(b)(1).[1] An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to the defendant.

ENTER: This 28th day of June, 2005.

Senior United States District Judge

---

[1] Allen is hereby advised that if he wishes to challenge the validity of his confinement based on counsel's alleged failure to file a requested notice of appeal or other alleged constitutional problems with his probation revocation proceedings, he must raise such claims in a petition for writ of habeas corpus in the court where he was convicted or in the Supreme Court of Virginia. Before he can raise such habeas claims in this court, he must first give the Supreme Court of Virginia a chance to address them on the merits. See 28 U.S.C. §2254.